# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TRAVIS BLANCHARD** | **CIVIL NO. 6:18-CV-01589** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SCOTT ANSLUM, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 20] filed by the Government of St. Mary Parish ("St. Mary Parish"). Plaintiff Morgan Blanchard ("Blanchard")[1] filed an Opposition [Doc. No. 22] on December 8, 2020. St. Mary Parish filed a Reply [Doc. No. 23] on December 15, 2020. For the reasons set forth herein, St. Mary Parish's Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

On December 7, 2018, Travis Blanchard filed a Complaint for Damages [Doc. No. 1] against Scott Anslum ("Anslum"), Sheriff of St. Mary Parish, Gary Driskell ("Driskell"), Warden of St. Mary Parish Jail, and St. Mary Parish under 42 U.S.C. § 1983, as a result of injuries he allegedly received while an inmate at St. Mary Parish Jail on or about December 10, 2017. Blanchard alleges he was attacked by other prisoners, stabbed in the face, sustained a broken collarbone, and a separated jaw.

---

[1] The original plaintiff, Travis Blanchard, passed away on July 6, 2019. Morgan Blanchard (Travis Blanchard's father) was substituted as plaintiff on June 2, 2020 [Doc. No. 18].

St. Mary Parish was alleged to be the owner and co-policy maker with regard to the funding and maintenance of the St. Mary Parish Jail. Blanchard further alleged St. Mary Parish new or should have known of the lack of officers guarding inmates, failed to properly fund and maintain the jail, that the lack of funding and maintenance to the jail was the moving force behind Blanchard being attacked and denied access to medical treatment and that St. Mary Parish was deliberately indifferent to the prevalence of violence within the jail.

In its Motion for Summary Judgment St. Mary Parish maintains it met its statutory obligations to fund and maintain the St. Mary Parish Jail and that it had no duty or authority to operate the jail. St. Mary Parish attached the Affidavit of Henry C. LaGrange, Chief Administrative Officer for St. Mary Parish, which stated that during 2017, St. Mary Parish paid approximately $2,132,391 to maintain the parish jails, plus medical expenses of inmates, expenses for hiring a nurse by the Sheriff, and for transportation expenses incurred by the Sheriff's office for transporting inmates for court appearances and for medical treatment.

In his Opposition Blanchard maintains St. Mary Parish has not answered its discovery requests in accordance with FED. R. CIV. P. Rule 56(d).

In St. Mary Parish's Reply, they verify it has answered Blanchard's discovery requests and attaches copies.

**II. Motion for Summary Judgment**

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the

nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### III. Prematurity of Motion for Summary Judgment

FED. R. CIV. P. Rule 56(d) states as follows:

(d) When Facts Are Unavailable to the Nonmovant. If A nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) Issue any other appropriate order.

FED. R. CIV. P. Rule 56(d) requires the nonmovant (Blanchard) to provide the specified reasons, by affidavit or declaration, as to why it is unable to present facts essential to justify its opposition to the motion. Blanchard has not done so in this case. The only reasons specified (although not by affidavit or declaration) is that St. Mary Parish has not answered Blanchard's discovery. St. Mary Parish attached in its Reply a copy of the answered discovery. In addition to the discovery being answered, the discovery requests really have no relevance to the issues in St. Mary Parish's Motion for Summary Judgment. A plaintiff's entitlement to discovery before ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts needed to withstand the motion for summary judgment. *Netto v. Amtrack* 863 F.2d 1210 (5th Cir. 1989).

Therefore, Blanchard's request to delay ruling on St. Mary Parish's Motion for Summary Judgment in accordance with FED. R. CIV. P. Rule 56(d) is DENIED.

## IV. LAW AND ANALYSIS

Pursuant to La. R.S. 33:4715 and R.S. 15:304, the Parish is required to "provide… a good and sufficient jail," and is "responsible for the physical maintenance of all parish jails and prisons." The Parish is not responsible to operate the jail or to exercise control over the inmates within it. *Amiss v. Dumas*, 411 So.2d 1137 (La. 1st Cir. 1982).

St. Mary Parish paid approximately "$2,132,391 to operate the jails in 2017." (LaGrange Affidavit). Blanchard provides no issue of fact to contradict LaGrange's

5

Affidavit. Additionally, Blanchard has set forth no issues of fact that lack of funding had anything to do with the injuries to Travis Blanchard.

In order to establish liability under 42 U.S.C. § 1983, on the part of a local governmental entity like St. Mary Parish, Blanchard must demonstrate a policy or custom of the Parish which caused the alleged constitutional deprivation. *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606 (E.D. La. 1998). Additionally, local governments can never be liable under 42. U.S.C. § 1983 for acts of those whom the government has no authority to control. *Id* at 613.

In *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985), an inmate of the Calcasieu Parish Jail brought suit under 42 U.S.C. § 1983 against the Calcasieu Parish Police Jury, the Calcasieu parish Sheriff, two deputies and four other inmates for injuries he allegedly received from a beating by other inmates.

In dismissing the claim against the Calcasieu Parish Policy Jury, the court found the Police Jury had no responsibility over the daily operation of the jail.

St. Mary Parish has no responsibility over the daily operation of the St. Mary Parish Jail. St. Mary Parish is entitled to summary judgment dismissing Blanchard's claims against it for injuries Blanchard allegedly received in an altercation with other inmates.

### V. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 20], filed by the Government of St. Mary Parish is GRANTED.

MONROE, LOUISIANA this 17th day of December, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE